UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALYSIA ANN FOWLER, | No. C 12-04869 DMR |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |
| v. | |
| WELLS FARGO BANK, | |
| Defendant. | |

Defendant Wells Fargo Bank, N.A., moves pursuant to Federal Rule of Civil Procedure 12(b) to dismiss Plaintiff Alysia A. Fowler's complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim. Plaintiff brings suit in her individual capacity and as beneficiary of the Beverly Ann Hector Trust Dated September 30, 2004 and is proceeding *pro se*. The court held a hearing on November 8, 2012. For the following reasons, the court grants Defendant's motion and dismisses Plaintiff's case with leave to amend.

**I. Background and Procedural History**

On June 8, 2007, Beverly Ann Hector[1] and the Beverly Ann Hector Trust Dated September 30, 2004 ("the Trust"; together, "the Borrowers") took out a $375,000.00 mortgage loan from World

---

[1] Plaintiff is the daughter of Beverly Ann Hector. (Compl. ¶ 27.)

Savings Bank, FSB,[2] as evidenced by a promissory note secured by a deed of trust against the property located at 725 Blossom Way, Hayward, California ("the Property").  (Compl. ¶ 27; Def.'s RJN Exs. A (Mortgage Note) at 1, B (Deed of Trust) at 1-2.)  World Savings Bank, FSB, a federal savings bank, was renamed Wachovia Mortgage, FSB on December 31, 2007.  (Def.'s RJN Exs. C, D.[3])  On November 1, 2009, the bank was converted to a national bank with the name Wells Fargo Bank Southwest, N.A., and merged into Wells Fargo Bank, N.A.  (Def.'s RJN Ex. E.[4])  The Borrowers began failing to make payments on the mortgage loan in November 2011, and NDex West, LLC, "an agent for the beneficiary [Defendant]," recorded the Notice of Default on August 2, 2012.  (Def.'s RJN Ex. F;[5] *see* Compl. ¶ 58.)

On August 17, 2012, Plaintiff, as an individual and in her capacity as beneficiary of the Trust, brought this suit in Alameda County Superior Court, stating fifteen causes of action: violation of California Civil Code § 2923.5; negligence; negligence per se; intentional infliction of emotional

---

[2] Throughout her complaint, Plaintiff refers to the loan at issue as originating with "Wachovia Corporation."  (*See, e.g.*, Compl. ¶¶ 28-33, 36, 38.)  However, the Mortgage Note and Deed of Trust show the lender to be World Savings Bank, FSB.  (Def.'s RJN Exs. A at 1, B at 1.)
The court takes judicial notice of the Mortgage Note and Deed of Trust in Defendant's Request for Judicial Notice, [Docket No. 8], because these documents and their contents are "fact[s] that [are] not subject to reasonable dispute because [they] . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *see Gamboa v. Tr. Corps & Cent. Mortg. Loan Servicing Co.*, No. 09-0007 SC, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (noting that deeds of trust are "part of the public record and are easily verifiable").  The court also may consider the Mortgage Note because it is a document upon which Plaintiff's complaint "necessarily relies."  *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." (citation omitted)).

[3] The court takes judicial notice of Exhibits C and D of Defendant's Request for Judicial Notice because the documents therein "reflect[] official acts of the executive branch of the United States, and are judicially noticeable pursuant to Rule 201(b)(2) of the Federal Rules of Evidence."  *Hague v. Wells Fargo Bank, N.A.*, No. 11-2366 TEH, 2011 WL 3360026, at *1 n.2 (N.D. Cal. Aug. 2, 2011) (citations omitted).

[4] The court takes judicial notice of Exhibit E of Defendant's Request for Judicial Notice because the document "reflect[s] official acts of the executive branch of the United States, and [is] judicially noticeable pursuant to Rule 201(b)(2) of the Federal Rules of Evidence."  *Hague*, 2011 WL 3360026, at *1 n.2 (citations omitted).

[5] The court takes judicial notice of Exhibit F of Defendant's Request for Judicial Notice because the document therein is "part of the public record and are easily verifiable."  *Gamboa*, 2009 WL 656285, at *3.

distress; violation of California Civil Code § 1632; violation of California Business and Professions Code § 17200; violation of California Civil Code § 1916.7(b)(4)(B);[6] breach of fiduciary duty; contractual breach of implied covenant of good faith and fair dealing; violation of California Civil Code § 1920;[7] violation of California Business and Professions Code § 10241.3; fraud and conspiracy to commit fraud under California Civil Code § 1572; violation of California Commercial Code § 9313; an action to quiet title; and an action for declaratory relief. (Compl. ¶¶ 67-174.) On September 17, 2012, Defendant removed the case to federal court on the basis of diversity jurisdiction. [*See* Docket No. 1.] Defendant moved to dismiss on September 24, 2012. [Docket No. 7.] Plaintiff opposes the motion. [Docket No. 14.]

Both parties have consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c). [Docket Nos. 5, 10.] As a result, the court may enter judgment in the case. *See* 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72-1.

## II. Legal Standards

### A. Dismissal for Lack of Subject Matter Jurisdiction

A court will dismiss a party's claim for lack of subject-matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1). When reviewing a 12(b)(1) motion, the court sculpts its approach according to whether the motion is "facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge, such as the motion at bar, asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When evaluating a facial attack on the court's subject matter jurisdiction, the court

---

[6] In her complaint, Plaintiff brings this cause of action pursuant to California Civil Code § 1916.7B. However, no such statute exists. By cross-referencing the language in Plaintiff's claim with the California Civil Code, the court has determined that Plaintiff sought to invoke § 1916.7(b)(4)(B).

[7] Although Plaintiff characterizes this cause of action as brought pursuant to California Civil Code §§ 1918.5-1921, only § 1920 could present a possible right of action.

United States District Court
For the Northern District of California

3

"must accept all of the plaintiff's factual allegations as true." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) (citations and quotation marks omitted).

### B.     Dismissal for Failure to State a Claim

When reviewing a motion to dismiss for failing to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court also must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citation and quotation marks omitted)).  A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  In other words, the facts alleged to demonstrate an "entitle[ment] to relief require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (first brackets in original) (quotation marks omitted) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001) ("Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss." (citation omitted)), *overruled on other grounds by Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1125-26 (9th Cir. 2002).

As a general rule, a court may not consider "any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion. *Lee*, 250 F.3d at 688 (citation and quotation marks omitted).  However, the court may consider extrinsic evidence without converting the motion into a motion for summary judgment in two circumstances. *Id.* (citation omitted); *see* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").  First, the court may examine "material which is properly submitted as a part of the complaint." *Lee*, 250 F.3d at 688 (citation and quotation marks omitted).  If a document's authenticity is not contested and the complaint "necessarily relies" on it, the court may take that document into account even if it is not

4

physically attached to the complaint. *Id.* (citation and quotation marks omitted).  Second, the court may take judicial notice of "matters of public record" pursuant to Federal Rule of Evidence 201. *Id.* at 688-89 (citation and quotation marks omitted); *see Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002).

### III.  Discussion

#### A.    Plaintiff's Standing to Bring Suit

Standing is a "jurisdictional issue[] deriving from the requirement of a case or controversy under Article III" of the United States Constitution. *Doe No. 1 v. Reed*, __ F.3d __, __, 2012 WL 5200354, at *2 (9th Cir. Oct. 23, 2012) (brackets in original) (citation and quotation marks omitted). In general, only "the real party in interest" has standing "to file suit under the substantive law." *Pillsbury v. Karmgard*, 22 Cal. App. 4th 743, 753 (1994).  The party bringing the action bears the burden of establishing her standing. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 333 (2006).  If a plaintiff lacks standing, the court has no subject matter jurisdiction over her case and therefore must dismiss it. *See Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1098 (9th Cir. 2000).

In the present matter, Plaintiff brings suit in her individual capacity and in her capacity as a beneficiary of the Trust.[8] (*See* Compl.)  It is unclear from the pleadings how Plaintiff has standing in either capacity to prosecute this case.  The parties to the Mortgage Note at issue were Plaintiff's mother, the Trust, and Defendant. (*See* Def.'s RJN Ex. A at 1.)  The parties to the Deed of Trust were the Trust and Defendant. (*See* Def.'s RJN Ex. B at 1.)  Nowhere does Plaintiff allege that she is party to the contracts in dispute, the trustee of the Trust, or that she in any manner is the real party in interest.  In addition, it is well established that "the beneficiary of a trust generally is not the real party in interest and may not sue in the name of the trust." *Pillsbury*, 22 Cal. App. 4th at 753; *accord Barrous v. BP P.L.C.*, No. 10-2944 LHK, 2011 WL 4595205, at *6 (N.D. Cal. Oct. 3, 2011) ("A trust beneficiary has no legal title or ownership interest in the trust assets; his or her right to sue is ordinarily limited to the enforcement of the trust, according to its terms." (citation and quotation

---

[8] Although Plaintiff, Alysia Ann Fowler, expressly states that she brings suit in these twin capacities, her complaint continually conflates the term "Plaintiff" with her mother, Beverly Ann Hector. (*See, e.g.*, Compl. ¶¶ 12-15, 17-19, 21-23.)

marks omitted)). During the hearing, Plaintiff proffered that she is the trustee of the Trust. However, her complaint does not contain this assertion. Because Plaintiff has not shown that she has standing to bring suit, the court dismisses her complaint. Nevertheless, because Plaintiff could potentially amend her complaint to present new facts to demonstrate that she has standing, the court will grant Plaintiff leave to amend to properly allege standing, and will also address other arguments in Defendant's motion.

### B. Federal Preemption Under the Home Owners' Loan Act

Defendant contends that with the exception of her claim for negligence per se, all of Plaintiff's claims are preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461 *et seq.* (Def.'s Mot. 6-7, 9. 11-12, 14, 17-25.) Pursuant to the Supremacy Clause, federal law preempts state law "when federal regulation in a particular field is so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it." *Bank of Am. v. City & Cnty. of S.F.*, 309 F.3d 551, 558 (9th Cir. 2002) (citation omitted). Congress has created "an extensive federal statutory and regulatory scheme" in the field of banking. *Id.* As part of this scheme, Congress provided the Office of Thrift Supervision ("OTS") with broad authority under HOLA to issue regulations governing federally chartered savings associations. *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1004-05 (9th Cir. 2008). Defendant's predecessor, World Savings Bank, FSB, was a federally chartered savings bank regulated by the OTS under HOLA at the time Plaintiff's mother and the Trust entered into the loan.[9] (*See* RJN 1, Ex. A.) The OTS is expressly authorized "to promulgate regulations that preempt state laws affecting the operations of federal savings associations." 12 C.F.R. § 560.2(a).

A HOLA preemption analysis first requires a court to determine whether the law at issue is identified in 12 C.F.R. § 560.2(b), which provides a nonexclusive list of the types of state laws

---

[9] HOLA applies even Defendant is not chartered as a federal savings bank. *See Haggarty v. Wells Fargo Bank, N.A.*, No. 10-2416, 2011 WL 445183, at *4 (N.D. Cal. Feb. 2, 2011) ("'Where a national association, such as Defendant, acquires the loan of a federal savings bank, it is proper to apply preemption under HOLA.'") (quoting *Guerrero v. Wells Fargo Bank, N.A.*, No. 10-5095, 2010 U.S. Dist. LEXIS 96261, at *8 (C.D. Cal. Sept. 14, 2010)).

preempted by HOLA. *See Silvas*, 514 F.3d at 1005. Among the laws specifically preempted are those affecting:

> (4) The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan;
> (5) Loan-related fees, including without limitation, initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees; . . .
> (9) Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants;
> (10) Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages.

§ 560.2(b)(4), (5), (9), (10). If the state law at issue falls into one of the enumerated categories, then it is preempted. *Silvas*, 514 F.3d at 1005. If it does not fall into one of the enumerated categories, but affects lending, a presumption of preemption arises that is reversed only "if the law can clearly be shown to fit within the confines of paragraph (c) [of § 560.2]." *Id.* Section 560.2(c) excepts from preemption "[s]tate laws . . . that . . . only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a)." § 560.2(c).

### 1. Violation of California Civil Code § 2923.5

Plaintiff's first cause of action alleges that Defendant improperly recorded the notice of default because it failed to comply with requirements of California Civil Code § 2923.5, including the requirements under subsection (a) to contact the borrower to explore options to avoid foreclosure and the due diligence requirements of subsections (b) and (g). (*See* Compl. ¶¶ 67-82.) These claims are preempted by HOLA. Section 520.2(b)(10) expressly preempts state laws affecting the "processing, . . . servicing, sale or purchase of . . . mortgages." § 560.2(b)(10). Initiation of the foreclosure process, which encompasses the recording of the notice of default, is the type of lending activity expressly contemplated by § 560.2(b)(10) because it concerns the "processing" and "servicing" of a mortgage. *See Tuck v. Wells Fargo Home Mortg.*, No. 12-1796 DMR, 2012 WL 2906738, at *5 (N.D. Cal. July 13, 2012) (holding that claims brought pursuant to California Civil Code § 2923.5 preempted by HOLA); *Giannini v. Am. Home Mortg. Servicing, Inc.*, No. 11-4489

TEH, 2012 WL 298254, at *6-8 (N.D. Cal. Feb. 1, 2012) (same); *Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1033 (N.D. Cal. Oct. 27, 2010) (citations omitted) (same). Plaintiff's claim therefore must be dismissed.

### 2. Negligence

Plaintiff claims that Defendant owed her a duty of care "with respect to the solicitation, negotiation, processing and finalization of the loan agreement" and "as specialists with respect to mortgage brokering services." (Compl. ¶ 84.) According to Plaintiff, Defendant breached these duties by "failing to explain the material terms of the transaction and loan agreement," "failing to ensure that Plaintiff understood the material terms of the transaction and loan agreement," "failing to provide an elementary translation of the loan documents," "failing to submit truthful financial information, evaluate and confirm the accuracy of such financial information," and "failing to provide Plaintiff with copies of loan documents." (Compl. ¶ 84.) These claims also are preempted by HOLA. Plaintiff's allegations go to the loan's "terms of credit, including . . . adjustments to the interest rate, balance, [and] payments due," § 560.2(b)(4), "[d]isclosure and advertising, including laws requirement specific statements, information, or other content to be included in credit application forms, . . . credit contracts, or other credit-related documents," § 560.2(b)(9), as well as the "[p]rocessing, origination, [and] servicing . . . of . . . mortgages," § 560.2(b)(10). *See Rivera v. Wachovia Bank*, No. 09-CV-433, 2009 WL 2406301, at *2 (S.D. Cal. Aug. 4, 2009) (holding that state law tort actions that "would regulate lending activities expressly contemplated" HOLA are preempted); *Ayala v. World Savings Bank, FSB*, 616 F. Supp. 2d 1007, 1018 (C.D. Cal. 2009) (same). The court must dismiss Plaintiff's negligence claim.

### 3. Negligence *Per Se*

Although Defendant does not allege that Plaintiff's claim of negligence *per se* falls afoul of HOLA, the court believes it proper to assess whether it does. Plaintiff asserts that the Notice of Default served upon her was defective because an allegedly unauthorized party issued the document in violation of California Civil Code § 2934a and because Defendant did not comply with the mailing requirements of § 2924b. (Compl. ¶ 88.) Moreover, Plaintiff claims that Defendant failed in its duty to negotiate the terms of the loan with Plaintiff in Spanish and to provide Plaintiff with a

translation of the loan documents pursuant to California Civil Code § 1632. (Compl. ¶ 92.) These allegations deal with the processing, origination, and servicing of the mortgage, *see* § 560.2(b)(10), and therefore are preempted by HOLA. *See Quinto v. JPMorgan Chase Bank*, No. 11-2920 LHK, 2011 WL 6002599, at *8 n.4 (N.D. Cal. Nov. 30, 2011) (noting that courts have found claims premised on California Civil Code § 2934a preempted by HOLA); *Joseph v. Wachovia Mortg. Corp.*, No. 11-2395 EJD, 2011 WL 5827224, at *4 (N.D. Cal. Nov. 18, 2011) (holding that claim based on violation of California Civil Code § 1632 preempted by HOLA); Wienke v. Indymac Bank FSB, No. 10-4082 NJV, 2011 WL 871749, at *4 (N.D. Cal. Mar. 14, 2011) (holding that claim brought pursuant to California Civil Code § 2924b preempted by HOLA). The court therefore dismisses the claim.

### 4. Intentional Infliction of Emotional Distress

In her fourth cause of action, Plaintiff alleges that Defendant's "fraudulent" conduct caused her to enter into the mortgage loan and Deed of Trust, "knowing that [she] could not afford payments and subjecting [her] to foreclosure." (Compl. ¶¶ 96-97.) As a result, Plaintiff suffered "extreme and severe emotional distress." (Compl. ¶ 98.) This claim arises out of Plaintiff's challenges to the "origination" of the loan, § 560.2(b)(10), the "terms of credit" within it, § 560.2(b)(4), and Defendant's failure to properly "disclos[e]" to Plaintiff other allegedly vital information about the loan, § 560.2(b)(9). The claim therefore is preempted by HOLA. *See Ayala*, 616 F. Supp. 2d at 1017-18 (dismissing intentional infliction of emotional distress claim because statutory violations that allegedly gave rise to distress preempted by HOLA). The court dismisses the claim.

### 5. Violation of California Civil Code § 1632

Plaintiff alleges that Defendant did not provide her with a Spanish translation of the loan documents or bring an interpreter to the signing, in violation of California Civil Code § 1632. (Compl. ¶¶ 104-05.) According to Plaintiff, this deprivation precluded her "from discovering the altered terms of the loan, or the misrepresentations or omissions" that Defendant made to induce her to agree to the loan. (Compl. ¶ 106.) At its heart, this claim objects to the "[p]rocessing, origination, [and] servicing" of the loan, § 560.2(b)(10), and is therefore preempted by HOLA. *See*

*Joseph*, 2011 WL 5827224, at *4, 6 (dismissing claims based upon California Civil Code § 1632 as preempted by HOLA); *Tamayo v. World Savings Bank, FSB*, No. 08-CV-2287, 2009 WL 8652543, at *6-9 (S.D. Cal. July 23, 2009) (same). The court dismisses the claim.

### 6. Violation of California Business and Professions Code § 17200

Plaintiff claims that Defendant violated California Business and Professions Code § 17200, California's unfair competition law, by "significantly deviating from traditional underwriting standards," ignoring information that "suggested certain loan applications be denied," promoting initially lower interest rates, not disclosing information about the risks involved in taking out a loan, and "requiring borrowers to pay interest rates, fees, and/or charges not justified" by market conditions. (Compl. ¶ 113.) These allegations concern the processing, origination, terms of credit, loan-related fees, and disclosure and advertising of the subject loan and are consequently preempted by HOLA. § 560.2(b)(4), (5), (9), (10); *see Kim v. Wells Fargo Bank, N.A.*, No. 12-2066 EJD, 2012 WL 4845614, at *3-4 (N.D. Cal. Oct. 10, 2012) (holding that "UCL claims may be preempted [by HOLA] if, as applied, the statute is the type of state law contemplated"); *Garcia v. Wells Fargo Bank*, No. 12-1670 EJD, 2012 WL 2576206, at *3 (N.D. Cal. July 3, 2012) (same); *Shaddox v. Wells Fargo Bank, N.A.*, No. 12-CV-250, 2012 WL 2359633, at *3 (E.D. Cal. June 20, 2012) (same). The court orders the claim dismissed.

### 7. Violation of California Civil Code § 1916.7(b)(4)(B)

Plaintiff claims that Defendant violated California Civil Code § 1916.7(b)(4)(B) because the subject loan "is a negative amortizing loan and subject to the loan to value being greater than the original loan value." (Compl. ¶ 119.) According to Plaintiff, "[a]s each minimum payment is made [on the loan], the balance [of the loan] increases, increasing the loan to value ratio, consequently violating the above-statute." (Compl. ¶ 119.) Because this claim contests the "terms of credit, including amortization" of the loan, § 560.2(b)(4), it is preempted by HOLA. *See Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 913 (C.D. Cal. 2009) (holding that claims regarding amortization brought under California Civil Code § 1916.7 preempted by HOLA). The court orders the claim dismissed.

### 8. Breach of Fiduciary Duty

In her eighth cause of action, Plaintiff claims that Defendant breached its fiduciary duty to her by "failing to disclose the loan terms," "failing to disclose loan fees," and "failing to provide the most favorable loan terms or lowest loan fees." (Compl. ¶ 122.) This claim is preempted by HOLA because it concerns Defendant's alleged failure to disclose information and challenges the loan's terms of credit. § 560.2(b)(4), (9); *see Cordon v. Wachovia Mortg.*, 776 F. Supp. 2d 1029, 1037 (N.D. Cal. 2011) (holding that state law claims that infringe on areas reserved by HOLA preempted). The court therefore orders it dismissed.

### 9.  Breach of Implied Covenant of Good Faith and Fair Dealing

Plaintiff claims that Defendant breached the implied covenant of good faith in fair dealing by withholding "numerous disclosures" and "notices in regard to excessive fees and finance charges," and by giving Plaintiff a loan that she could not afford. (Compl. ¶ 126.) This claim concerns "[l]oan-related fees," § 560.2(b)(5), disclosures of information, § 560.2(b)(9), and the processing and origination of the loan, § 560.2(b)(10). HOLA therefore preempts the claim, *see Cordon*, 776 F. Supp. 2d at 1037 (holding that state law claims that infringe on areas reserved by HOLA preempted), and the court orders it dismissed.

### 10.  Violation of California Civil Code § 1920

Plaintiff asserts that Defendant contravened section 1920 of the California Civil Code because it failed to consider factors "which can reasonably be deemed to affect the ability of borrowers to meet their mortgage obligations" when establishing "[s]tandards for the adjustment of interest rates or monthly payments" for the subject loan. (Compl. ¶ 130.) She also avers that Defendant transgressed the statute by not properly notifying her "of any changes in the interest rate, monthly payment of [the] loan and [its] fully amortized rate changes." (Compl. ¶ 132.) These allegations involve the processing and origination of the loan, its terms of credit, and disclosure obligations and are therefore preempted by HOLA. § 560.2(b)(4), (9), (10); *see Brockway v. JP Morgan Chase Bank*, No. 11-CV-2982, 2012 WL 2726758, at *4 (S.D. Cal. July 9, 2012) (holding that claims brought pursuant to California Civil Code § 1920 preempted by HOLA); *Impink v. Bank of Am.*, No. 11-CV-104, 2011 WL 3903197, at *2 (S.D. Cal. Sept. 6, 2011) (same). The court dismisses the claim.

11

### 11. Violation of California Business and Professions Code § 10241.3

Section 10241.3 of the California Business and Professions Code states that "[i]n any loan transaction in which a fee is charged to a borrower for an appraisal of the real property that will serve as security for the loan, a copy of the appraisal report shall be given by or on behalf of the broker to both the borrower and the lender at or before the closing of the loan transaction." § 10241.3. Plaintiff alleges that Defendant failed to abide by this statutory command. (Compl. ¶ 135.) However, because this statute "require[s] specific statements, information, or other content to be included in . . . other credit-related documents," § 560.2(b)(9), and also concerns the processing of the loan, *see* § 560.2(b)(10), it is preempted by HOLA. The court therefore dismisses the claim.

### 12. Fraud and Conspiracy to Commit Fraud

Plaintiff claims that Defendant, with the aid of others, fraudulently induced her to enter into the subject loan. Specifically, she contends that the credit application and available W-2 forms did not provide the bank with sufficient information to determine the proper type of loan, if any, Plaintiff could afford. (Compl. ¶ 139.) She also avers that Defendant falsified Plaintiff's credit application and unlawfully suppressed "facts or circumstances" to ensure that the loan was approved. (Compl. ¶¶ 140-41.) The foundations of this claim center on disclosures that Plaintiff believes Defendant should have made about the loan, the content that Defendant purportedly should have included in credit application forms, and the processing and origination of the loan. *See* § 560.2(b)(9), (10). Consequently, it is preempted by HOLA, *see Joseph v. Wachovia Mortg. Corp.*, No. 11-2395 EJD, 2011 WL 5827224, at *5 (N.D. Cal. Nov. 18, 2011) (holding fraud claim preempted by HOLA), and must be dismissed.

### 13. Violation of California Commercial Code § 9313

Plaintiff alleges that pursuant to California Commercial Code § 9313, the Deed of Trust is voidable because "there is no enforceable underlying Promissory Note for the Deed of Trust to secure." (Compl. ¶ 155.) It also appears that Plaintiff contends that Defendant's security interest in the Deed of Trust is not perfected, and therefore void, because Defendant does not possess the original promissory note. (*See* Compl. ¶¶ 156-59.) Because this claim is based upon state law restrictions on the "sale or purchase of . . . mortgages," § 560.2(b)(10), it falls within the scope of

12

HOLA and therefore is preempted. *See Castillo v. Wachovia Mortg.*, No. 12-101 EMC, 2012 WL 1213296, at *5 (N.D. Cal. Apr. 11, 2012) ("Such claims, based on Defendants' alleged . . . failure to demonstrate their authority to foreclose, have consistently been determined to fall under the umbrella of claims preempted by HOLA."). The court dismisses the claim.

### 14.  Quiet Title

Plaintiff bases her quiet title claim, in which she argues that Defendant has no interest in the Property, on "the preceding allegations" in the complaint. (Compl. ¶ 162.) The court has dismissed all of the proceeding allegations as preempted by HOLA. Because this claim is rooted in the same legal arguments as the dismissed claims, which were all preempted by HOLA, it too falls within HOLA's ambit and must be dismissed.

### 15.  Declaratory Relief

Plaintiff's request for declaratory relief asks the court to declare that Defendant "does not have any right to foreclose on the Subject Property" based upon the allegations in her previous claims. (Compl. ¶¶ 166, 167.) Because this claim arises from the same legal arguments as the claims dismissed as preempted by HOLA above, this claim also is preempted by HOLA and must be dismissed.

## IV.  Conclusion

For the reasons above, the court finds that Plaintiff lacks standing to bring this case. Furthermore, all of Plaintiff's claims are preempted by the Home Owners' Loan Act. The court therefore dismisses the complaint with leave to amend. Plaintiff shall file her amended complaint, if any, by November 29, 2012.

IT IS SO ORDERED.

Dated: November 13, 2012



_____
DONNA M. RYU
United States Magistrate Judge