UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALYSIA ANN FOWLER, | No. C 12-04869 DMR |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| WELLS FARGO BANK, | |
| Defendant. | |

Defendant Wells Fargo Bank, N.A., moves pursuant to Federal Rule of Civil Procedure 12(b) to dismiss Plaintiff Alysia A. Fowler's first amended complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim. Plaintiff brings suit in her capacity as successor trustee of the Beverly Ann Hector Trust Dated September 30, 2004. She alleges that Defendant lacked legal authority to initiate foreclosure of property owned by her deceased mother. Having considered the parties' papers and oral argument, as well as relevant authority, the court grants Defendant's motion and dismisses this case.

**I. BACKGROUND AND PROCEDURAL HISTORY**

On June 8, 2007, Beverly Ann Hector and the Beverly Ann Hector Trust Dated September 30, 2004 ("the Trust"; together, "the Borrowers")[1] took out a $375,000.00 mortgage ("the Mortgage") from World Savings Bank, FSB. (Def.'s RJN Ex. A.) The Mortgage was evidenced by a promissory note secured by a deed of trust against the real property located at 725 Blossom Way, Hayward, California ("the Property").[2] (Am. Compl. ¶ 6; Def.'s RJN Exs. A (Mortgage Note) at 1, B (Deed of Trust) at 1-2.) The Deed of Trust named the Trust as borrower and World Savings Bank, FSB, its successors and/or assignees as lender and beneficiary. (Def.'s RJN Ex. B.) World Savings Bank, FSB, a federal savings bank, was renamed Wachovia Mortgage, FSB on December 31, 2007. (Def.'s RJN Exs. C, D.[3]) On November 1, 2009, the bank was converted to a national bank with the name Wells Fargo Bank Southwest, N.A., and merged into Defendant. (Def.'s RJN Ex. E.[4]) The Borrowers began to miss payments on the Mortgage in November 2011, and NDex West, LLC, "an

---

[1] Plaintiff is the daughter of Beverly Ann Hector and successor trustee of the Trust. (Am. Compl. ¶ 6.)

[2] The court takes judicial notice of the Mortgage Note and Deed of Trust in Defendant's Request for Judicial Notice, [Docket No. 8], because these documents and their contents are "fact[s] that [are] not subject to reasonable dispute because [they] . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see Gamboa v. Tr. Corps & Cent. Mortg. Loan Servicing Co.*, No. 09-0007 SC, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (noting that deeds of trust are "part of the public record and are easily verifiable"). The court also may consider the Mortgage Note because it is a document upon which Plaintiff's complaint "necessarily relies." *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." (citation omitted)).

[3] The court takes judicial notice of Exhibits C and D of Defendant's Request for Judicial Notice because the documents therein "reflect[] official acts of the executive branch of the United States, and are judicially noticeable pursuant to Rule 201(b)(2) of the Federal Rules of Evidence." *Hague v. Wells Fargo Bank, N.A.*, No. 11-2366 TEH, 2011 WL 3360026, at *1 n.2 (N.D. Cal. Aug. 2, 2011) (citations omitted).

[4] The court takes judicial notice of Exhibit E of Defendant's Request for Judicial Notice because the document "reflect[s] official acts of the executive branch of the United States, and [is] judicially noticeable pursuant to Rule 201(b)(2) of the Federal Rules of Evidence." *Hague*, 2011 WL 3360026, at *1 n.2 (citations omitted).

agent for the beneficiary [Defendant]," recorded the Notice of Default on August 2, 2012. (Def.'s RJN Ex. F;[5] *see* Am. Compl. ¶ 21.)

On August 17, 2012, Plaintiff, as an individual and in her capacity as beneficiary of the Trust, brought suit against Defendant in Alameda County Superior Court, stating fifteen causes of action.[6] On September 17, 2012, Defendant removed the case to federal court on the basis of diversity jurisdiction. [*See* Docket No. 1.] On September 24, 2012, Defendant moved to dismiss for lack of subject matter jurisdiction, or in the alternative, failure to state a claim. [Docket No. 7.] On November 13, 2012, the court granted the motion and dismissed the complaint with leave to amend. [Docket No. 17.]

Plaintiff filed her Amended Complaint on December 14, 2012, bringing suit in her capacity as trustee of the Trust. [Docket No. 22.] She challenges the foreclosure of the Property, bringing six causes of action: (1) negligence, (2) quasi-contract, (3) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, (4) violation of California's unfair competition law ("UCL"), Cal. Bus. & Prof. Code § 17200, (5) accounting, and (6) a request for declaratory relief. At the hearing, Plaintiff's counsel confirmed that all of these claims are premised solely on Plaintiff's assertion that Defendant failed to properly securitize the Mortgage into a trust (the "Securitized Trust") according to the terms of a Pooling and Servicing Agreement ("PSA") executed by Wells Fargo Asset Securities Corporation, as seller, Defendant, as master servicer, and Wachovia

---

[5] The court takes judicial notice of Exhibit F of Defendant's Request for Judicial Notice because the document therein is "part of the public record and are easily verifiable." *Gamboa*, 2009 WL 656285, at *3.

[6] Plaintiff alleged the following: violation of California Civil Code § 2923.5 (failure to properly record notice of default); negligence; negligence per se; intentional infliction of emotional distress; violation of California Civil Code § 1632 (failure to translate loan documents or provide interpreter at time of signing); violation of California Business and Professions Code § 17200 (unfair competition); violation of California Civil Code § 1916.7(b)(4)(B) (failure to properly amortize loan, increasing loan-to-value ratio); breach of fiduciary duty; contractual breach of implied covenant of good faith and fair dealing; violation of California Civil Code § 1920 (failure to meet minimum requirements regarding disclosure of rate changes in mortgage document); violation of California Business and Professions Code § 10241.3 (failure to provide plaintiff with copy of appraisal when appraisal fee was charged); fraud and conspiracy to commit fraud under California Civil Code § 1572; violation of California Commercial Code § 9313 (failure to perfect security interest in Deed of Trust); an action to quiet title; and a request for declaratory relief. (Compl. ¶¶ 67-174.)

3

Bank, N.A., as trustee.[7] (*See* Am. Compl. ¶¶ 49, 58, 64, 69, 75(g), 86; Def.'s RJN Ex. G.) Specifically, Plaintiff alleges that Defendant did not timely deposit the promissory note and the Mortgage into the Securitized Trust, and therefore Defendant did not properly securitize the Mortgage. (Am. Compl. ¶ 26.) According to Plaintiff, because Defendant did not properly securitize the Mortgage, "Wells Fargo Bank did not acquire any . . . interest in Plaintiff's Note and Mortgage . . . and has no right to collect mortgage payments, demand mortgage payments, or report derogatorily against Plaintiff's credit." (Am. Compl. ¶ 18.)

Defendant again moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (*See* Def.'s Mot. 2-3.) Defendant argues that Plaintiff lacks standing to bring her causes of action, that the Home Owners' Loan Act of 1933 ("HOLA"), 12 U.S.C. § 1461 *et seq.*, preempts Plaintiff's claims, and that the claims for negligence, quasi contract, UCL violations, and accounting suffer from additional "fatal defects." (Def.'s Mot. 1.) The court held a hearing on February 14, 2013.

## II. LEGAL STANDARDS

### A. Dismissal for Lack of Subject Matter Jurisdiction

A court will dismiss a party's claim for lack of subject-matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1). When reviewing a 12(b)(1) motion, the court sculpts its approach according to whether the motion is "facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge, such as the motion at bar, asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When evaluating a facial attack on the court's subject matter jurisdiction, the court "must accept all of the plaintiff's factual allegations as true." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) (citations and quotation marks omitted).

### B. Dismissal for Failure to State a Claim

---

[7] Plaintiff does not purport to be a party to or beneficiary of the PSA. (Am. Compl. ¶ 29.)

4

When reviewing a motion to dismiss for failing to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court also must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citation and quotation marks omitted)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged to demonstrate an "entitle[ment] to relief require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (first brackets in original) (quotation marks omitted) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001) ("Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss." (citation omitted)), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara,* 307 F.3d 1119, 1125-26 (9th Cir. 2002).

As a general rule, a court may not consider "any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion. *Lee*, 250 F.3d at 688 (citation and quotation marks omitted). However, the court may consider extrinsic evidence without converting the motion into a motion for summary judgment in two circumstances. *Id.* (citation omitted); *see* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). First, the court may examine "material which is properly submitted as a part of the complaint." *Lee*, 250 F.3d at 688 (citation and quotation marks omitted). If a document's authenticity is not contested and the complaint "necessarily relies" on it, the court may take that document into account even if it is not physically attached to the complaint. *Id.* (citation and quotation marks omitted). Second, the court may take judicial notice of "matters of public record" pursuant to Federal Rule of Evidence 201. *Id.* at 688-89 (citation and quotation marks omitted); *see Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002).

## III. DISCUSSION

### A. Plaintiff's Standing to Bring Suit

Standing is a "jurisdictional issue[] deriving from the requirement of a case or controversy under Article III" of the United States Constitution. *Doe No. 1 v. Reed*, 697 F.3d 1235, 1238 (9th Cir. 2012) (brackets in original) (citation and quotation marks omitted). A plaintiff must have suffered an "injury in fact" to have standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). An injury in fact is an "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* (citing *Allen v. Wright*, 468 U.S. 737, 751 (1984); *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)) (internal quotation marks omitted). The party bringing the action bears the burden of establishing standing. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 333 (2006). If a plaintiff lacks standing, the court has no subject matter jurisdiction over the case and must dismiss it. *See Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1099 (9th Cir. 2000).

Although the Ninth Circuit has not ruled on this issue, it is well settled in this district that a plaintiff lacks standing to bring claims premised on the theory that a defendant failed to comply with the terms of a PSA when the plaintiff is neither "a party to, nor a third-party beneficiary of, that agreement." *Tall v. Mortg. Elec. Registration Sys., Inc.*, No. C 12-05348 WHA, 2012 WL 6680183, at *4 (N.D. Cal. Dec. 21, 2012) (citing *Ganesan v. GMAC Morg., LLC*, No. C 12-1935 MEJ, 2012 WL 4901440, at *4 (N.D. Cal. Oct. 15, 2012); *McGough v. Wells Fargo Bank, N.A.*, No. C 12-0050 TEH, 2012 WL 2277931, at *4-5 (N.D. Cal. June 18, 2012)); *accord Trinh v. Citibank, N.A.*, No. 5:12-CV-03902 EJD, 2012 WL 6574860, at *3 (N.D. Cal. Dec. 17, 2012) (rejecting plaintiff's claim that defendant improperly foreclosed property due to failure to securitize mortgage by closing date in PSA) ("This court concludes – as it and many other courts have previously – that Plaintiff cannot plead plausible causes of action base on a violation of the PSA due to lack of standing.").

Plaintiff conceded during the motion hearing that she is neither a party to nor beneficiary of the PSA. (Am. Compl. ¶ 29; *accord* Def.'s RJN Ex. G.) Furthermore, she conceded at oral argument that each of her claims rests solely on the theory that Defendant failed to abide by the terms of the PSA and, therefore, improperly securitized the Mortgage. According to Plaintiff, Defendant's failure to properly securitize the Mortgage deprived Defendant of any interest in the Mortgage.

6

Therefore, Plaintiff argues, Defendant lacked an interest in the Mortgage and did not have legal authority to collect payments from or initiate foreclosure proceedings against Plaintiff. Because Plaintiff is not a party to nor beneficiary of the PSA, and because all of Plaintiff's claims rest solely on an alleged breach of the PSA, Plaintiff lacks standing to bring any of her causes of action.

### IV. Conclusion

For the reasons above, the court finds that Plaintiff lacks standing to bring the claims within her Amended Complaint. The legal flaw that results in Plaintiff's lack of standing cannot be addressed through an amendment. The court therefore dismisses the case without leave to amend.

IT IS SO ORDERED.

Dated: February 22, 2013



DONNA M. RYU
United States Magistrate Judge